# ADJUSTABLE RATE NOTE
(LIBOR Index - Rate Caps)

THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.

| April 28, 2005 | Rolling Meadows | IL |
|---|---|---|
| [Date] | [City] | [State] |

4902 N. 88TH STREET, MILWAUKEE, WI 53225
[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 104,000.00 (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is Argent Mortgage Company, LLC .

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of principal has been paid. I will pay interest at a yearly rate of 7.200 %. This interest rate I will pay may change in accordance with Section 4 of this Note. The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

## 3. PAYMENTS

### (A) Time and Place of Payments

I will pay principal and interest by making payments every month.
I will make my monthly payments on the first day of each month beginning on June 1, 2005 . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on May 1, 2035 , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date".

I will make my payments at:   505 City Parkway West, Suite 100, Orange, CA 92868

or at a different place if required by the Note Holder.

### (B) Amount of My Initial Monthly Payments

Each of my initial monthly payments will be in the amount of U.S. $ 705.94 . This amount may change.

### (C) Monthly Payment Changes

Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

## 4. INTEREST RATE AND MONTHLY PAYMENT CHANGES

### (A) Change Dates

The interest rate I will pay may change on the first day of May, 2008 , and on that day every sixth month thereafter. Each date on which my interest rate could change is called a "Change Date."

### (B) The Index

Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for six-month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in *The Wall Street Journal*. The most recent Index figure available as of the date 45 days before the Change Date is called the "Current Index."

If at any point in time the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

### (C) Calculation of Changes

Before each Change Date, the Note Holder will calculate my new interest rate by adding six  percentage point(s) ( 6.000 %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eight of one percent (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date. The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

(D) Limits on Interest Rate Changes

The interest rate I am required to pay at the first Change Date will not be greater than **9.200** % or less than **7.200** %. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than One percentage point(s) ( **1.000** %) from the rate of interest I have been paying for the preceding six months. My interest rate will never be greater than **13.200** %. or less than **7.200** %.

(E) Effective Date of Changes

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

(F) Notice of Changes

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

## 5. PREPAYMENT PRIVILEGE

I may repay all or any part of the principal balance of this Note in accordance with the terms of this Section without incurring a prepayment charge. A "prepayment" is any amount that I pay in excess of my regularly scheduled payments of principal and interest that the Lender will apply to reduce the outstanding principal balance on this Note

(A) Application of Funds

I agree that when I indicate in writing that I am making a prepayment, the Lender shall apply funds it receives in accordance with the order of application of payments set forth in Section 2 of the Security Instrument.

(B) Monthly Payments

If I make a prepayment of an amount less than the amount needed to completely repay all amounts due under this Note and Security Instrument, my regularly scheduled payments of principal and interest will not change as a result.

## 6. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces the principal, the reduction will be treated as a partial prepayment.

## 7. BORROWER'S FAILURE TO PAY AS REQUIRED

(A) Late Charges for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of **fifteen** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **5.000** % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

(B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

(C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. The date must be at least 30 days after the date on which the notice is delivered or mailed to me.

(D) No Waiver by Note Holder

Even if, at a time which I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

Initials: ___

### 10. WAIVERS

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

### 11. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition, to the protections given to the Note Holder under this Note, A Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises that I make in this Note. That the Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without the Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonable determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by applicable law, Lender may charge a reasonable fee as a condition of Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which the Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

### 12. GOVERNING LAW PROVISION

This Note and the related Security Interest are governed by the Alternative Mortgage Transaction Parity Act of 1982, 12 USC §3802 et. seq., and, to the extent not inconsistent therewith, Federal and State law applicable to the jurisdiction of the Property.

For Wisconsin residents only: I am [X] married [ ] unmarried [ ] legally separated. If I am married and my spouse is not signing below, the name of my spouse is _____

and my spouse resides at the following address: _____

If I am a married Wisconsin resident, the obligations evidenced by this Note are being incurred in the interest of my marriage or family.

X _____

### VARIABLE RATE DISCLOSURES

**Variable Rate.** The Note contains a variable rate provision.
**Index.** An increase or decrease in the Index Rate described above will cause a corresponding increase or decrease in the rate of interest. The current Index Rate Value is 3.382 %.
**Right to Prepay.** I may prepay this Note in whole or part at any time without penalty.
**Notice.** Notice of any interest rate increase must be given to me at least 30 days before the increase if there is to be an increase in the amount of my periodic payment (other than the final payment) or within 15 days after any increase in the rate of interest if there is to be a change in the final payment or the number of payments.

**Oral agreements, promises or commitments to lend money, extend credit, or forbear from enforcing repayment of a debt, including promises to extend, modify, renew or waive such debt, are not enforceable. This written agreement contains all the terms the Borrower(s) and the Lender have agreed to. Any subsequent agreement between us regarding this Note or the instrument which secures this Note, must be in a signed writing to be legally enforceable.**

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_[signature]_
BORROWER  PAULA FORBES

BORROWER

BORROWER

BORROWER

Case 08-33433-jes    Doc 5-1    Filed 01/13/09    Page 3 of 12

19

# MORTGAGE

**DOCUMENT NUMBER**

**NAME & RETURN ADDRESS**

Argent Mortgage Company, LLC
P.O. Box 5047 Rolling Meadows, IL
60008

**PARCEL IDENTIFIER NUMBER**
214-0200-4



DOC.# 09041382

REGISTER'S OFFICE  | SS
Milwaukee County, WI |

RECORDED   07/05/2005   08:00AM

JOHN LA FAVE
REGISTER OF DEEDS

AMOUNT:47.00

―――――――――――――[Space Above This Line For Recording Data]―――――――――――――

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

**(A) "Security Instrument"** means this document, which is dated April 28, 2005 ,
together with all Riders to this document.
**(B) "Borrower"** is PAULA FORBES, A Single Woman

Borrower is the mortgagor under this Security Instrument.
**(C) "Lender"** is Argent Mortgage Company, LLC

Lender is a Limited Liability Company
organized and existing under the laws of Delaware

0078560034 - 9703

WISCONSIN-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT            Form 3050 1/01

-6(WI) (0005).01
Page 1 of 15         Initials:
VMP MORTGAGE FORMS - (800)521-7291            04/28/2005 2:24:02

Doc Yr: 2005 Doc#09041382 Page#1 of 19

Case 08-33433-jes    Doc 5-1    Filed 01/13/09    Page 4 of 12

Lender's address is One City Boulevard West Orange, CA 92868

Lender is the mortgagee under this Security Instrument.
(D) "Note" means the promissory note signed by Borrower and dated April 28, 2005
The Note states that Borrower owes Lender one hundred four thousand and 00/100
Dollars
(U.S. $104,000.00       ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than May 1, 2035            .
(E) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."
(F) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.
(G) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

[X] Adjustable Rate Rider   [ ] Condominium Rider              [ ] Second Home Rider
[ ] Balloon Rider           [ ] Planned Unit Development Rider [ ] 1-4 Family Rider
[ ] VA Rider                [ ] Biweekly Payment Rider         [ ] Other(s) [specify]

(H) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.
(I) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.
(J) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.
(K) "Escrow Items" means those items that are described in Section 3.
(L) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.
(M) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.
(N) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.
(O) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

0078560034 - 9703
Initials:

-6(WI) (0005).01                     Page 2 of 15    04/28/2005 2:24:02    Form 3050  1/01

Case 08-33433-jes    Doc 5-1    Filed 01/13/09    Page 5 of 12

(P) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to Lender, with power of sale, the following described property located in the County of MILWAUKEE :
[Type of Recording Jurisdiction]        [Name of Recording Jurisdiction]
LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF:

which currently has the address of 4902 N. 88TH STREET
[Street]
MILWAUKEE                               [City], Wisconsin 53225      [Zip Code]
("Property Address"):

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this

0078560034 - 9703
Initials:
-6(WI) (0005).01                Page 3 of 15     04/28/2005 2:24:02  Form 3050  1/01

Case 08-33433-jes    Doc 5-1    Filed 01/13/09    Page 6 of 12

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____

*[signature: Paula Forbes]* _____ (Seal)
PAULA FORBES                          -Borrower

_____

_____ (Seal)
                            -Borrower

_____ (Seal)   _____ (Seal)
                            -Borrower                               -Borrower

_____ (Seal)   _____ (Seal)
                            -Borrower                               -Borrower

_____ (Seal)   _____ (Seal)
                            -Borrower                               -Borrower

**STATE OF WISCONSIN,**     **County ss:**   MILWAUKEE

The foregoing instrument was acknowledged before me this   4/28/05   by
    Day/Month/Year

Paula Forbis

My Commission Expires:

May 7, 2006


Notary Public, State of Wisconsin

[Seal: STATE OF WISCONSIN, MIA A. FERO, NOTARY PUBLIC]

This instrument was prepared by:
Robert Guiwargis
2550 Golf Road, East Tower, 10th Floor, Rolling Meadows, IL 60008

## ATTACHED LEGAL DESCRIPTION

Lot 10, Block 5, Greater Milwaukee Heights, being a Subdivision of a part of the Southwest 1/4 of Section 33, Township 8 North, Range 21 East, City of Milwaukee, County of Milwaukee, State of Wisconsin.

Tax Key: 214-0200-4

For Informational Purposes Only:
4902 North 88th Street
Milwaukee, WI 53225

3



| Document Number | Corporate Assignment of Mortgage |
|---|---|
| | Document Title |

DOC.# 09259578

REGISTER'S OFFICE  | SS
Milwaukee County, WI |

RECORDED    06/27/2006   01:45PM

JOHN LA FAVE
REGISTER OF DEEDS

AMOUNT:           15.00

Recording Area

Record & Return to:
Countrywide Home Loans, Inc.
PO Box 10423 MS:SV-79
Van Nuys, CA 91499-6211
ID# 0710084372005N

214-0200-4
Parcel Identification Number (PIN)

This information must be completed by submitter: document title, name & return address, and PIN (if required). Other information such as the granting clause, legal description, etc., may be placed on this first page of the document or may be placed on additional pages of the document. Note: Use of this cover page adds one page to your document and $2.00 to the recording fee. Wisconsin Statutes, 59.43(2m).
WRDA HB Rev. 1/8/2004

# ASSIGNMENT OF MORTGAGE

Record & Return to:
Countrywide Home Loans, Inc.
PO Box 10423 MS: SV-79
Van Nuys, CA 91499-6211
ID# 0710084372005N

Loan Number: 0078560034 - 9703
PARCEL IDENTIFIER NUMBER:

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is 2550 Golf Road, East Tower, 10th Floor Rolling Meadows, IL 60008

does hereby grant, sell, assign, transfer and convey, unto **Wells Fargo Bank, N.A.** (herein "Assignee"), whose address is **3601 Minnesota Drive Suite 200 Bloomington, MN 55435** a certain Mortgage dated 04/28/05, made and executed by

PAULA FORBES, A Single Woman

to and in favor of Argent Mortgage Company, LLC upon the following described property situated in MILWAUKEE County, State of Wisconsin, tax key number

"LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF"

such Mortgage having been given to secure payment of **one hundred four thousand and 00/100** $104,000.00 which Mortgage is of record in Book, Volume, or Liber No. ___, at page ___ (or ✗ as No. ___ ) of the COUNTY Records of MILWAUKEE County, State of Wisconsin, together with the note(s) and obligations therein described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

✱ Rec. 7/5/05  Doc#: 09041382 ✱

TO HAVE AND TO HOLD the same unto Assignee, its successors and assigns, forever, subject only to the terms and conditions of the above-described Mortgage.

IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on 04/28/2005.

Argent Mortgage Company, LLC
(Assignor)

By: _____
LaVerne Dillard - Agent

(Corporate Seal)

This Instrument Prepared By: Argent Mortgage Company, LLC, address:
2550 Golf Road, East Tower, 10th Floor Rolling Meadows, IL 60008   Tel. No.: (888)311-4721

State of Illinois
County of Cook

On 04/28/2005 before me, Janice M. Baker

personally appeared LaVerne Dillard
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which is the person(s) acted, executed the instrument.

> OFFICIAL SEAL
> JANICE M. BAKER
> NOTARY PUBLIC, STATE OF ILLINOIS
> My Commission Expires 05.19.2007

WITNESS my hand and official seal.

_____(Seal)
Janice M. Baker

750-WI1 (Rev 05/05)

When recorded, please return to:
Countrywide Home Loans, Inc.
PO BOX 10423 MS: SV-79
Van Nuys, CA 91499-6211
Document ID#: 0710084372005N

# LEGAL DESCRIPTION

LOT 10, BLOCK 5, GREATER MILWAUKEE HEIGHTS, BEING A SUBDIVISION OF A PART OF THE SOUTHWEST ¼ OF SECTION 33, TOWN 8 NORTH, RANGE 21 EAST, CITY OF MILWAUKEE, COUNTY OF MILWAUKEE, STATE OF WISCONSIN.